William Coats HODGES, Appellant,

v.

The STATE of Texas, Appellee.

No. 39411.

Court of Criminal Appeals of Texas.

March 2, 1966.

Rehearing Denied April 27, 1966.

Ben Henderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Don Koons, Arch Pardue, Mike Buckley and W. John

Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 10 days in jail and a fine of $150.00.

Officers Zachry and Hunicutt of the Dallas Police testified that while on patrol after midnight on the night in question they saw a Thunderbird automobile abruptly cut across a median strip and then bump a curb on Garland Road and that they pursued the Thunderbird which they estimated was traveling 60 miles per hour in a 40 mile zone. After bringing the automobile to a halt, they informed appellant, who was the driver, that they were stopping him for speeding and thereupon asked for his driver's license. At this juncture, the officers stated that they detected a strong odor of alcohol on appellant's breath and asked him to step out of the automobile. According to the testimony of the officers the appellant appeared unsteady on his feet as he walked to the rear of his automobile and used the side of his automobile for support. In the automobile with appellant were his wife and another couple; the officers testified that the other male passenger stated, "I know that he's had too much to drink to be driving", and asked that he be permitted to drive appellant home. They described appellant's speech as slurred and incoherent and expressed the opinion that appellant was intoxicated. Since appellant's wife had no driver's license, his automobile was carried to the police pound. The officers stated that on the way to the pound and then to the station appellant became belligerent and profane and that he was issued several traffic tickets in addition to being charged with driving while intoxicated.

Appellant established that he had never been convicted of any of the other traffic violations named by the arresting officers, and all four occupants of the Thunderbird gave a detailed account of their activities on the night in question. They explained that they had been to a dance and that each had consumed three drinks of whiskey. They all categorically denied that appellant or any of them were intoxicated and gave as their version of the reason for the arrest that appellant had inadvertently hit the traffic median as they drove away from the club where they had been dancing and had disputed the officers' word when they accused him of speeding.

■ The jury chose to accept the officers' version of appellant's condition of intoxication and to reject that of appellant and his witnesses, and we find the evidence sufficient to sustain the conviction.

■ By brief appellant contends that the evidence is insufficient to support the conviction because the State had issued subpoenas for the other couple who, when called as witnesses by appellant, testified that he was sober. He admits that he can find no authority to support his contention, and we are aware of none.

■ Appellant next contends that the prosecutor erred in eliciting an answer from the appellant that his driver's license had been suspended. If this was error, it was waived when appellant's counsel challenged the prosecutor to make proof of such fact.

No reversible error appearing, the judgment is affirmed.